IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRACY LEE AS THE ADMINISTRATRIX OF
THE ESTATE OF KEITH LEE AND ON BEHALF
OF ALL WRONGFUL DEATH BENEFICIARIES
OF KEITH LEE, DECEASED					PLAINTIFFS

VS.					CIVIL ACTION NO. 5:11-cv-165(DCB)(JMR)

YAZOO COUNTY, MISSISSIPPI; TOMMY
VAUGHN, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS SHERIFF OF
YAZOO COUNTY, MISSISSIPPI; HOWARD
BOATNER, INDIVIDUALLY; ANITA TOOMBS,
INDIVIDUALLY; ROBERT PURVIS, INDIVIDUALLY;
SHARKEY BROWNLOW, INDIVIDUALLY;
KENNETH GRIFFIN, INDIVIDUALLY;
BOBBY ADAMS, INDIVIDUALLY; and
JOHN AND JANE DOES 7-10					DEFENDANTS

## ORDER

This cause is before the Court on the Second Motion to Dismiss State Law Claims **(docket entry 35)** filed by defendants Yazoo County, Mississippi; Tommy Vaughn individually and in his official capacity as Sheriff of Yazoo County, Mississippi; and Howard Boatner, Anita Toombs, and Robert Purvis, individually, pursuant to Rule 12(b)(b) of the Federal Rules of Civil Procedure. Having carefully considered the defendants' motion and memorandum, as well as the record in this case, and being fully advised in the premises, the Court finds as follows:

The Amended Compliant in this case seeks damages for denial of medical attention on behalf of the wrongful death beneficiaries of Keith Lee, who was an inmate of the Yazoo County Jail, on or about

April 5-8, 2009.  The Amended Compliant alleges, pursuant to 42 U.S.C. § 1983, that Mr. Lee was deprived of his constitutional rights to medical care under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and that such deprivation proximately caused his death.

In Count IV of their Amended Complaint, the plaintiffs bring pendant state claims for negligent supervision and negligent training against Yazoo County, Mississippi, Sheriff Tommy Vaughn in his individual and official capacity as Sheriff of Yazoo County, and Howard Boatner, Robert Purvis and Anita Toombs in their individual capacity.  The defendants assert that Yazoo County, Mississippi and its employees are entitled to immunity pursuant to the Mississippi Tort Claims Act ("MTCA").  In addition, Sharkey Brownlow, Kenneth Griffin and Bobby Adams have been named as defendants in this case but have never been served with process. The movant defendants contend that the state law claims should be dismissed against these unserved defendants as well.

Pursuant to the MTCA, governmental entities, and their employees acting within the course and scope of their employment, shall not be liable for any claims

> of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution when the claim is filed ....

Miss. Code Ann. § 11-46-9(1)(m); Powell v. Clay County Bd. of Supervisors, 924 So.2d 523, 526 (Miss. 2006). The plaintiffs' Amended Complaint clearly establishes that Keith Lee was an incarcerated inmate in the Yazoo County Jail at all times relevant to this action. As the decedent's wrongful death beneficiaries, the plaintiffs' claims are entitled only to the remedies afforded decedent if he had survived. Since § 11-46-9(1)(m) provides the decedent with no remedy, it likewise bars a suit by his heirs. See Webb v. Desoto County, 843 So.2d 682, 684-85 (Miss. 2003); Carter v. Miss. Dept. of Corrections, 860 So.2d 1187, 1193 (Miss. 2003). The defendants are therefore entitled to immunity from all pendant state law claims. Additionally, since the plaintiffs are asserting only state law claims for negligence, the defendants are immune from individual liability pursuant to Miss. Code Ann. §11-46-7(2). See Jones v. Baptist Memorial Hospital, 735 So.2d 993, 997 (Miss. 1999).

Finally, the plaintiffs' claims under the laws of the State of Mississippi are barred by operation of the statute of limitations. The alleged acts and omissions which give rise to the plaintiffs' claims occurred on or before April 8, 2009. On April 27, 2009, Sheriff Vaughn and Quint Carver, Chancery Clerk of Yazoo County, received a Notice of Claim letter. However, the plaintiffs failed to file their Complaint until November 16, 2011.

Pursuant to the MTCA, claims against governmental entities or

their employees are subject to the following statute of limitations:

> (3) All actions brought under the provisions of [the MTCA] shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim ... shall serve to toll the statute of limitations ... for one hundred twenty (120) days from the date the chief executive office or other statutorily designated official of a municipality, county or other political subdivision receives notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice.

Miss. Code Ann. § 11-46-11(3). Giving the plaintiffs the benefit of every possible tolling provision under the statute, the latest date on which the plaintiffs could file the instant lawsuit and assert state law claims was one year and 210 days after the tortious event, which was November 4, 2010. All pendant state law claims must therefore be dismissed for an additional reason, the expiration of the applicable statute of limitations. Accordingly,

IT IS HEREBY ORDERED that the Second Motion to Dismiss State Law Claims **(docket entry 35)** filed by defendants Yazoo County, Mississippi; Tommy Vaughn individually and in his official capacity as Sheriff of Yazoo County, Mississippi; and Howard Boatner, Anita Toombs, and Robert Purvis, individually is GRANTED;

FURTHER ORDERED that all pendant state law claims against said defendants are dismissed with prejudice;

FURTHER ORDERED that the plaintiffs shall not be allowed to assert any pendant state law claims against the unserved defendants Sharkey Brownlow, Kenneth Griffin and Bobby Adams, individually.

SO ORDERED, this the 24th day of October, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE